ROBERTSON, Presiding Justice, for the Court:
This is a Workmen’s Compensation case. Georgia-Pacific Corporation, a self-insurer, has appealed to this Court from an Order of the Circuit Court of the First Judicial District of Hinds County, Mississippi, reversing the order of the Workmen’s Compensation Commission and ordering the employer to pay to Robert Lee Thompson, claimant, temporary total disability from May 13, 1975, to such time as there is an adjudication that claimant has reached maximum medical recovery.
The Commission had found that Thompson was injured on May 13, 1975, when he fell off of a truck while unloading some building materials for his employer. His spleen was ruptured and Dr. Richard L. Yelverton performed a splenectomy on May 13, 1975.
Thompson completely recovered from this operation, but continued to complain about his left shoulder, so Dr. Yelverton referred him to the Jackson Bone and Joint Clinic. Dr. William C. Warner of the Clinic treated him for chronic tendonitis of the left shoulder until August 19, 1975, when he discharged him to return to light work, not requiring any heavy lifting or strenuous use of his left shoulder.
Eddie Hamilton, claimant’s supervisor at Georgia-Pacific, testified that he repeatedly called Thompson to return to work, that he *63 assured Thompson that he could give him light work meeting his doctor’s specifications that it not involve heavy lifting or strenuous use of his left shoulder, but Thompson would not return to work so finally on September 2, 1975, he had to replace him.
The Commission in its Order first quoted from Dunn, Mississippi Workmen’s Compensation, 2d Ed., Section 79 (1966):
“The determination of the degree of disability, whether permanent or temporary, is essentially one of fact. In resolving the question, there are generally two ingredients which combine to produce the result. These are (1) actual physical injury and (2) de facto loss of wage earning capacity. The Commission is not confined to medical or functional impairment produced by the injury but has the power and duty to evaluate other evidence relating to the stated factors and to determine the issue from the evidence as a whole.”
The Commission then found:
“[T]hat claimant suffered, as a result of the injury, a Fifty Dollar ($50.00) per week loss of wage-earning capacity. By computation, this amounts to temporary partial disability benefits at the rate of Thirty-Three Dollars and Thirty-Three Cents ($33.33) per week.
“Therefore, the Full Commission, having weighed the import of the lay and medical evidence as a whole, is of the opinion that as a result of a compensable accidental injury on May 13, 1975, claimant was temporarily totally disabled from May 13, 1975 through August 19, 1975. The Commission further finds that claimant had not reached maximum medical recovery as of May 5, 1976, the date on which Dr. Warner last testified, and that, therefore, claimant is entitled to temporary partial disability benefits at the rate of Thirty-Three Dollars and Thirty-Three Cents ($33.33) per week from August 19, 1975, through May 5,1976, and thereafter as provided by Section 8(e) of the Act until he reaches maximum medical recovery and his permanent partial disability, if any, is determined. The Full Commission remands this claim to the Administrative Judge for a determination on that issue.”
The Commission’s order is supported by substantial evidence including the medical findings of claimant’s witness, Dr. William C. Warner.
The circuit court, sitting as an appellate court, was in error in reversing the Workmen’s Compensation Commission. The order of the circuit court is, therefore, reversed and the order of the Workmen’s Compensation Commission reinstated, and this cause is remanded to the Commission to determine whether the claimant has reached maximum medical recovery, and whether he will suffer any permanent partial disability.
REVERSED, ORDER OF WORKMEN’S COMPENSATION COMMISSION REINSTATED, AND REMANDED TO THE COMMISSION.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.